UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | B/K Case No. 17-00734-DD |
| KYLE ROBERT JACKSON and ) | |
| ANGELA M. THOMAS-JACKSON ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| KEVIN CAMPBELL, TRUSTEE ) | Adversary Proceeding No. 18- |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| JEFFREY MCLAUGHLIN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Kevin Campbell, Trustee, complaining of the Defendant Jeffrey McLaughlin would respectfully show unto this honorable Court the following:

1. Kyle Robert Jackson and Angela M. Thomas-Jackson (hereinafter referred to as the "Debtors") filed for Chapter 7 relief pursuant to Title 11 of the United States Code on February 15, 2017.

2. Kevin Campbell, Trustee (hereinafter referred to as the "Plaintiff") is the duly appointed and acting Chapter 7 Trustee of this estate.

3. On information and belief Jeffrey McLaughlin (the "Defendant"), is a citizen and resident of the State of Tennessee, and is related to the Debtors such that the Defendant is an insider as that term is defined in 11 U.S.C. §101(31).

4. Further, the Defendant is listed as a general unsecured creditor in the Debtors' schedules, but he has not filed a proof of claim in this case.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and this is a core proceeding as defined in 28 U.S.C. §157. Venue is also proper pursuant to 28 U.S.C. §1409.

6. The purpose of this action is to avoid certain pre-petition transfers as preferential transfer; as an improper assignment for the benefit of creditors; and for unjust enrichment.

7. The Debtors made the following pre-petition payments to the Defendant from the joint checking account at South State Bank (Account ending -7537):

| Date Check cleared | Check No. | Amount |
|---|---|---|
| April 19, 2016 | #1155 | $15,000.00 |
| June 8, 2016 | #1011 | $25,000.00 |

8. On information and belief, the payments to the Defendant were for antecedent pre-petition unsecured debts owed by one or both of the Debtors to the Defendant.

9. At the time of the payment the Debtors were insolvent or became insolvent as a result of the payments.

10. Upon information and belief, the payments to the Defendant constituted a transfer of all or substantially all of the Debtors' equity or value in property that was not subject to valid security interests or exempt under South Carolina law.

11. There were other unsecured creditors in existence at the time of the Mortgage that remained in existence at the time of the filing of the bankruptcy case.

12. Specifically, at least one creditor in existence, DirectTV, LLC by American InfoSource, LP as agent, NA, has timely filed a proof of claim in this bankruptcy case in the amount of $1,012.25. That claim (Claim 8-1) discloses that the account was opened in July

2010 and that the last payment made on the account was in February 2016, with a principal balance owed at that time of $1,012.25.

13. Upon information and belief, at least eight (8) creditors have timely filed proofs of claim, including DirectTV, LLC, who were in existence at the time of the payments and would have claims that are allowable claims under 11 U.S.C. §502.

## AS A FIRST CAUSE OF ACTION
(Preferential Transfer pursuant to 11 U.S.C. §547)

14. The Plaintiff incorporates by reference paragraphs one (1) through thirteen (13) as if repeating each herein verbatim.

15. The Debtors made the payments to or for the benefit of the Defendant, within one (1) year preceding the filing of the Chapter 7 petition.

16. The Plaintiff is informed and believes that through the payment certain antecedent debts owing from the Debtors to the Defendant were reduced, satisfied or otherwise forgiven.

17. The Debtors were insolvent at all times in question.

18. The benefits received through the payments enabled the Defendant to receive more than he would have received under the distributive provisions of Chapter 7 if the payment had not been made.

19. The payments thereunder constitutes a preferential transfer and are avoidable by the Plaintiff pursuant to 11 U.S.C. §547.

20. Pursuant to 11 U.S.C. §550, the Plaintiff can recover from, or obtain a judgment against, the Defendant in the amount of the preferences, being $45,000.00, plus interest since the date of initial demand, which was September 6, 2017.

## AS A SECOND CAUSE OF ACTION
(Violation of the Anti-Assignment Statute S.C. Code §27-25-10)

21. The Plaintiff incorporates by reference paragraphs one (1) through twenty (20) as if repeating each herein verbatim.

22. Through the payments, the Debtors intended to and in fact transferred their interest in the funds to the Defendant.

23. These funds constituted all or substantially all of the Debtors' interest in assets that were not otherwise fully encumbered or exempt under South Carolina law.

24. All of the Debtors' other assets were either fully encumbered or within the exemption limitations provided by South Carolina law.

25. Upon information and belief, the Debtors' financial condition did not change between the period between the payments and their filing for bankruptcy relief.

26. Specifically, the Debtors' liabilities exceeded their assets at all relevant times and therefore it was insolvent at the time of the payments.

27. There were other creditors in existence at the time of the payments which remained in existence at the time of the filing of his bankruptcy case, and have claims that are allowable claims under 11 U.S.C. §502.

28. Upon information and belief the debt to the Defendant was significantly reduced.

29. Other unsecured creditors in existence at the time of the payments received no similar treatment and were otherwise not paid to a similar extent.

30. Further, from the administration of this Chapter 7 case there will not be funds available to provide a 100% distribution to unsecured creditors who have timely filed and allowed claims.

31. The payments constitute a preference to the Defendant as other unsecured creditors in existence at that time were not similarly treated and will not be similarly paid through the administration of the Chapter 7 estate.

32. As a result, the Debtors gave to the Defendant a preference or priority over other similarly situated unsecured creditors.

33. The transfer violated S.C. Code §27-25-10 and is therefore "absolutely null and void and of no effect whatsoever."

34. Pursuant to 11 U.S.C. §544, the payments to the Defendant are void based upon the fact that it violates the state Anti-Assignment Act.

35. Pursuant to 11 U.S.C. §550, the Plaintiff can recover the property transferred, or obtain a judgment for the value of such property from the Defendant.

36. Pursuant to 11 U.S.C. §551, the avoided payments are preserved for the benefit of the estate.

## AS A THIRD CAUSE OF ACTION
(Unjust Enrichment)

37. The Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) as if repeating each herein verbatim.

38. By making the payments, the Debtors conveyed a benefit to the Defendant by making a large cash payment to reduce the unsecured claim of the Defendant.

39. The Defendant has accepted this benefit, as evidenced by the fact that the checks have cleared the Debtors' bank account.

40. The Defendant's retention of the payments under the circumstances set forth herein make it inequitable for the Defendant to retain the payments.

41. The Defendant has been unjustly enriched through the payments, which

payments should be voided.

42. Pursuant to 11 U.S.C. §551, these avoided payments are preserved for the benefit of the estate.

WHEREFORE, the Plaintiff prays that this Court issue an order as follows:

a) that the payments be set aside, annulled and avoided in favor of the Trustee as it was a preferential transfer pursuant to 11 U.S.C. §547;

b) that the payments be set aside, annulled and voided in favor of the Plaintiff as it violated S.C. Code §27-25-10 et seq.;

c) declare that the Defendant has been unjustly enriched by the actions of the Debtors and avoid the payments;

d) preserve the avoided payments for the benefit of the estate pursuant to 11 U.S.C. §551;

e) award attorney's fees and costs incurred by the Plaintiff in prosecuting this matter, in an amount to be more fully demonstrated;

f) for such other and further relief this Court deems just and equitable.

Respectfully submitted,

CAMPBELL LAW FIRM, P.A.

*/s/Michael H. Conrady*
MICHAEL H. CONRADY
Attorney for the Plaintiff/Trustee
Post Office Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/884-0997(fax)
District Court I.D. No. 5560
mconrady@campbell-law-firm.com

Mt. Pleasant, South Carolina
This 10th day of January, 2018