September 21, 2017

Angela McLaughlin Jackson

166 Hicks Road

Nashville, Tenn. 37015

Re:     Kyle Robert Jackson

        Angela Thomas-Jackson

        B/K Case No. 17-00734-DD

        File No. 17-1917T

To whom it may concern,

I will to the best of my ability explain the circumstances of the loaned money of $75,000.00 to my son Kyle Jackson in 2015.

I had acquired the insurance agency JDD in 2009. My X-husband had lawsuits against him from a financial investor in another business he was involved in. I spent all of my retirement in federal court and bankruptcy court to save the agency that my son Kyle Jackson was currently working in with his father. We had to borrow $350,000 to be able to hold onto the agency. Another $100,000.00 to save the bankruptcy position it was in when I acquired it. Because I knew nothing about the business, I signed over the agency to Kyle and his wife who were both working in the business at that time,

Kyle and Angela came to me in 2015 in financial trouble. Partly due to the notes we had acquired to hold on to the agency. Kyle was in the process of doing a partnership of this agency with another agency and was being paid in installments.

He needed the money in hopes of not having to file bankruptcy personally. I had no more funds available to offer him. My father had just passed and in need of placing my mother in assisted living. To do this we needed to establish a line of credit of around $200,000.00 against the home and property she was currently living in. My brother Jeffrey McLaughlin took this responsibility on and worked with the bank to establish this line of credit in 2015 in his name for the benefit of my mother.

We borrowed the funds Kyle and Angela needed from my mother's established line of credit with the promise it would be paid back by June of 2016.

They were unable to pay the full amount so we received only the $40,000.00. With the possibility the rest would be paid back with their next installment. This did not happen.

There are no funds available to turn over and enclosed is what paperwork I have when Kyle and Angela borrowed the first $50,000.00 and the bank papers when an additional $15,000.00 was loaned to them. All in the hopes of them avoiding bankruptcy and the funds being placed back in their grandmother's line of credit soon as possible.


Sincerely,

Angela McLaughlin Jackson

## CAMPBELL LAW FIRM, P.A.
ATTORNEYS AT LAW

90 JOHNNIE DODDS BLVD.
P.O. BOX 684
MT. PLEASANT, SOUTH CAROLINA 29465-0684

KEVIN CAMPBELL*
MICHAEL H. CONRADY*
SUZANNE CAMPBELL CHISHOLM

kcampbell@campbell-law-firm.com
mconrady@campbell-law-firm.com
scampbell@campbell-law-firm.com

TELEPHONE
(843) 884-6874

TELECOPIER
(843) 884-0997

*CERTIFIED SPECIALIST IN BANKRUPTCY LAW

January 17, 2018

Jeffrey McLaughlin
420 Liberty Park, Unit 108
Franklin, TN 37064

Re:   **KYLE and ANGELA JACKSON**　　　**CAMPBELL v. MCLAUGHLIN**
      B/K Case No. 17-00734-DD　　　　　　Adv. Pro. No. 17-80005-DD
      CLF File No. 17-1917T

Dear Mr. McLaughlin,

Enclosed and hereby served upon you is the Summons and Complaint in the above referenced adversary proceeding.

With kindest personal regards, I remain.

Very truly yours,

Michael H. Conrady
Attorney for the Trustee

MHC/slf
Enclosure

RECEIVED 2018 FEB 15 AM 10: 25 US BANKRUPTCY DISTRICT OF SOUTH CAROLINA

**United States Bankruptcy Court**
**District of South Carolina**

Case Number: 17-00734-dd

Adversary/Complaint Number: 18-80005-dd

Name of Debtor(s): Kyle Robert Jackson and Angela Mischell Thomas-Jackson

**Kevin Campbell, Trustee**

Plaintiffs(s)

v.

**Jeffrey McLaughlin**

Defendants(s)

**ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY BOTH ADVERSARY AND CASE NUMBERS**

**SUMMONS**

| Filed By The Court |
|---|
| **1/16/18** |
| Laura A. Austin |
| Clerk of Court |
| US Bankruptcy Court |

TO THE ABOVE NAMED DEFENDANTS(S):

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

United States Bankruptcy Court
J. Bratton Davis United States Bankruptcy Courthouse
1100 Laurel Street
Columbia, SC 29201-2423

At the same time, you must also serve a copy of the motion upon the plaintiff's attorney.

Michael H. Conrady
890 Johnnie Dodds Blvd
PO Box 684
Mount Pleasant, SC 29465-0803

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



Laura A. Austin
Clerk of Court
United States Bankruptcy Court

By: K Weathers, Deputy Clerk
1100 Laurel Street
Columbia, SC 29201-2423
(803) 765-5436

Date of Issuance: 1/16/18

Angela MCLaughlin Jackson

166 Hicks Road

Nashville, Tennessee 37221

To who it may concern,

I did respond on my brothers behalf in September 2017. I am fully responsible for this transaction so will be responding on his behalf once again. Enclosed is the letter I sent then along with my mother's death certificate and another attempt to answer your recent letter.

I do not know what else to tell you. The line of credit we borrowed the money from to help my son out financially was to care for my mother. She has now passed and there are very little funds available in the line of credit and we are now responsible for paying that back. My brother Jeffrey McLaughlin is currently unemployed and has been since some time last year. I am single and 64 years old. I had acquired the insurance agency and building during an ugly and lengthy divorce. It had taken all of my retirement funds to battle all of this in court. My son worked in the agency with his father and the building. I did not have the means to financially continue upkeep on the building and knew nothing about insurance so I turned it all over to my son. Loaning him the money was nothing but an attempt to prevent losing it all. I never dreamed it was not enough to prevent this from happening. They still were unable to pay back another approx. $20,000 I had given them. I am still responsible for this in order to pay off the line of credit we acquired to care for my mother.

To make a long story short. There was no transfer of money to avoid certain pre-petition transfers as preferential transfer; as an improper assignment for the benefit of creditors or unjust enrichment. This was just giving money to my son to prevent what did eventually happen. The money would have never been given to him if I knew I was not going to be able to place it back in my mother's account. This was money that was needed to care for my mother.

As I said above this is my responsibility not my brothers. He just was able to get this line of credit for my mother at the time we needed it due to his income at the moment. I do not know what you require from me. I am just trying my best to answer your letters.

Please make any correspondence necessary to me if you require more information. See above address. My phone number is 615-504-6465.

If you feel it necessary to place a judgement for the amount specified then that judgement should be against me.

I do not have the funds to return the money just the debt from my mother's line of credit to begin trying to pay back.

Sincerely,

Angela M. Jackson

Angela H[...]
[...]
Nashville TN 37221

United States Bankruptcy Court
J. Bratton Davis U.S. Bankruptcy Court house
1100 Laurel Street
Columbia SC 29201-2423